CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
January 14, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Case No. 2:22-cr-029-01 |
| | ) |
| MICHAEL DONIVAN WHITE, | )  By:    Michael F. Urbanski |
| | )  Senior United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on the government's motion to compel the production of raw data and information provided to the defense expert concerning defendant (ECF No. 468), the defense's motion to exclude jail phone calls at the sentencing hearing (ECF No. 470), and the government's motion for issuance of a subpoena to the Southwest Virginia Regional Jail Authority (ECF No. 474). For the reasons stated below and on the record at the hearing held on January 3, 2025, the government's motion for production of raw data is **GRANTED IN PART** and **DENIED IN PART**, the defense's motion is **DENIED**, and the government's motion for issuance of a subpoena is **GRANTED**. The court entered an order to this effect on January 3, 2025. See ECF No. 482.

## BACKGROUND

Defendant Michael White entered a guilty plea in this case on June 12, 2024. ECF No. 400. At that time, sentencing was scheduled for November 20-22, 2024. ECF No. 403. Shortly thereafter, the defense filed an unopposed motion seeking that Dr. Lucy Guarnera, the defense's expert, be allowed to have unmonitored contact visits with defendant without counsel present for the purposes of fulfilling her duties as an expert witness/consultant for

1

the defense. ECF No. 409. Judge Sargent subsequently granted the defense's motion. ECF No. 410.

On October 18, 2024, the defense filed a motion to continue the sentencing date as to defendant, citing the need to develop and present mitigating evidence which had only recently come to counsel's attention. ECF No. 433. As part of this motion, the defense included an affidavit from Guarnera explaining the need for additional time to further develop such evidence. ECF No. 433-1. After a hearing and upon review of the arguments presented, the court granted the defense's motion for a continuance. ECF No. 444. Defendant's sentencing is now set for February 20-21, 2025.

The government filed its motion for production of raw data on November 25, 2024. ECF No. 468. In its motion, the government seeks an order compelling defendant to disclose "(1) the records and information relied upon by the defense expert, (2) interviews/affidavits related to White's mental health claims, (3) the raw data and test questions generated by the defense expert, and (4) the expert's report, on the proposed schedule" that it attached to its motion. Id. at 1. The government also moved to compel production of "test results and findings, and supporting documentation, by any mental health experts whom White does not intend to call at sentencing." Id. at 14-15. The defense opposed this motion on the grounds that defendant should only be ordered to provide, on their proposed date of January 20, 2025, any expert reports defendant wishes to be considered at sentencing. ECF No. 469. Alongside their opposition, the defense filed a motion to exclude defendant's jail phone calls from the sentencing hearing. ECF No. 470. The government subsequently opposed defendant's motion and filed a reply in support of its own motion. See ECF Nos. 471, 472. As part of its reply in

support of its motion to compel, the government noted it has retained the services of Drs. Meg Jay and Eric Drogin, and "anticipates providing Dr. Guarnera's report to the government retained experts, as well as the underlying data relied upon, in advance of the February 20-21, 202[5], sentencing date." ECF No. 471 at 1-2.

On December 12, 2024, the defense motioned for a hearing to address "1. Filing deadlines for Mr. White's expert psychological report; 2. What discovery shall be required from Mr. White regarding that expert; [and] 3. The admissibility, probative value, and/or the cumulative nature of the government's selected jail phone calls at sentencing." ECF No. 473 at 1. The defense noted that at any such hearing, if held, "[t]he parties could also litigate the scope of any Rule 17 subpoenas the government files by that date." Id. The government opposed the defense's request for a hearing, arguing that "[t]he two motions have been fully briefed; all the issues are straightforward and can be decided on the pleadings; and setting a hearing would only delay the potential production of materials to the government's experts and threaten to further delay White's sentencing." ECF No. 476 at 1. Alongside its opposition, the government filed its motion for issuance of a subpoena to the Southwest Virginia Regional Jail Authority. ECF No. 474. The court subsequently held a hearing on these issues on January 3, 2025. See ECF No. 479.

## ANALYSIS

The court addresses each motion in turn.

### Government's Motion to Compel

The government seeks an order compelling defendant to disclose "1) the records and information relied upon by the defense expert, (2) interviews/affidavits related to White's

3

mental health claims, (3) the raw data and test questions generated by the defense expert, and (4) the expert's report, on the proposed schedule" that it attached to its motion. ECF No. 468 at 1. The government further moves to compel production of "test results and findings, and supporting documentation, by any mental health experts whom White does not intend to call at sentencing." Id. at 14-15. The government relies on the court's inherent authority to order sentencing mental health discovery. Id. at 9-11 (citing United States v. Beckford, 962 F. Supp. 748, 755-763 (E.D. Va. 1997), among others). The government argues that Fed. R. Crim. P. 16 applies to non-capital sentencing procedures. See ECF No. 468 at 11-13; ECF No. 471 at 5-7. The government also argues that defendant has put his mental state at issue, thereby "waiv[ing] any objection to the production of the underlying bases of the [defendant's] expert's opinions, as well as evidence and documents that support or undermine those opinions" and also "waiv[ing] any privilege that could have attached to that information." ECF No. 468 at 2. The defense does not seek to assert any claim of privilege over "Mr. White's communications with forensic psychologist Lucy Guarnera, counsel's witness interviews, and documents provided by counsel to Dr. Guarnera." ECF No. 469 at 3. The defense disputes the government's argument that Fed. R. Crim. P. 16 applies to non-capital sentencing procedures. See id. at 3-4. The defense further argues that, even if Fed. R. Crim. P. 16 does apply, the government's request overreaches, and that "[a]ny [expert] report filed [by the defense] will itself contain more than is required by Rule 16 concerning [Dr. Guarnera's] opinions." Id. at 4-5.

Fed. R. Crim. P. 16(b)(1)(C)(i) states regarding expert witnesses that defendant must disclose certain information in writing to the government "for any testimony that the

4

defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial… [if] the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." The disclosure for each expert witness must contain:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(iii).

The Fourth Circuit has not ruled conclusively on whether Fed. R. Crim. P. 16 applies in non-capital sentencings. Other courts that have examined the issue around the country have come to varied conclusions. Compare United States v. Randall, No. 2:18-CR-00303, 2020 WL 4194003 (D. Nev. July 20, 2020) (examining without deciding whether Rule 16(b) applies in non-capital sentencings), with United States v. Gaston, No. 2:17-CR-00235, 2021 WL 4132415 (E.D. Cal. Sept. 10, 2021) (finding that because the language of Rule 16(a)(1)(B) is "not limited—as are other portions of the rule—to information that a party intends to use in its case in chief, the undersigned finds that Rule 16(a)(1)(B) is available to the defendant" in non-capital sentencing proceeding). Select courts have ordered the defense to disclose underlying test materials related to psychological inventories in advance of sentencing. See, e.g., ECF No. 55, United States v. Milne, No. 2:17-cr-00178 (D. Nev. June 6, 2019) (non-capital case ordering disclosure of underlying test materials of two psychological inventories that fed into a psychological report the defense included as a sealed exhibit to its sentencing memorandum).

Here, the defense has stated it will produce any expert report in advance of the sentencing hearing. ECF No. 469 at 3-5. The defense also has confirmed that any expert report it files will "contain more than is required by Rule 16," and the defense will "provide Dr. Guarnera's credentials to the government." Id. at 5. Therefore, the court need not decide whether Fed. R. Crim. P. 16(b) applies in the instant case as to the defense's disclosure of the expert report. See Randall, 2020 WL 4194003 at *6. The court adds, however, that Fed. R. Crim. P. 16(b) does not appear to apply in this situation. Rule 16(b)(1)(B) is predicated on the defendant requesting disclosure by the government under Rule 16(a)(1)(F), but the court is not aware of the defense making any such request in this case.[1] Further, Rule 16(b)(1)(C) does not appear to apply because that subsection is limited to the defendant's case-in-chief at trial.

Outside of Rule 16, "courts historically have invoked inherent judicial powers … to craft appropriate solutions" when "confronted with situations in which the Federal Rules of Criminal Procedure were not applicable." United States v. Beckford, 962 F. Supp. 748, 754-755 (E.D. Va. 1997) (quoting United States v. Kloepper, 725 F.Supp. 638, 640 (D.Mass.1989)). Where there is no controlling law, "a judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b).

Employing its inherent power, the court finds that establishing a schedule for disclosure is warranted as the government is entitled to have access to the information

---

[1] The government notes in its motion for issuance of a Rule 17(c) subpoena that the defense "reached out to the U.S. Attorney's Office for assistance in obtaining all of the defendant's in-custody institutional records from the United States Marshal's Service." ECF No. 475 at 3. This appears to be outside the scope of Rule 16(a)(1)(F), and the government does not argue it is a triggering event for the reciprocal obligations of Rule 16(b).

considered by or relied upon by the defense expert in formulating her opinion. The parties are hereby ordered to abide by the following schedule in relation to the sentencing hearing:

| | |
|---|---|
| **January 10, 2025** | Government to disclose to the defense the identity of the 35 jail calls it deems relevant to sentencing under 18 U.S.C. § 3553(a). Government also to disclose to the defense any jail letters it deems relevant under 18 U.S.C. § 3553(a). |
| **January 20, 2025** | Defense Expert Report to be produced to the government.<br><br>Defense to provide the government with all materials considered or relied upon by the defense expert in formulating her opinion. This includes the questions, answers, and results of any psychological testing administered by the defense expert, and interviews, affidavits, and other information considered by or relied upon by the expert. |
| **February 7, 2025** | Governmental Rebuttal Expert Report, if any, to be produced to the defense.<br><br>Government to provide the defense with all materials considered or relied upon by the government expert(s) in formulating their opinion(s). This includes the questions, answers, and results of any psychological testing administered by the government expert(s), and interviews, affidavits, and other information considered by or relied upon by the expert(s).<br><br>Government also to disclose through upload to Box any jail phone calls and/or letters the government intends to play at the sentencing hearing. The parties are directed to contact the courtroom deputy who will provide the government and defense with access to Box. |
| **February 10, 2025** | Deadline for motions to seal, if any, regarding sentencing memoranda. The parties are directed to email the proposed |

|  | sealed information to opposing counsel and the courtroom deputy. |
|---|---|
| **February 14, 2025** | Deadline for Sentencing Memoranda, Witness List, and Exhibit List. |
| **February 20-21, 2025** | Sentencing Hearing |

Accordingly, the government's motion, ECF No. 468, is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the entry of a scheduling order related to expert disclosures and sentencing memoranda, and the disclosure of certain materials the defense expert may rely on in her expert report, if the defense chooses to enter such a report. The motion is denied as to the government's request for disclosure of all adverse expert reports, documents, and data.[2]

Defense's Motion to Exclude Jail Phone Calls

The defense moves to exclude defendant's jail phone calls from the sentencing hearing. ECF No. 470 at 1. The defense does not cite relevant authority in support of its motion, beyond referring by analogy to Fed. R. Evid. 403, and highlighting that "*selective* use of such calls to define a defendant's personality pursuant to 18 USC 3553(a) is simply unfair." See id. at 2 (emphasis in original). Notably, the defense argues in their companion[3] opposition to the government's motion to compel that the Federal Rules of Evidence do not apply at non-capital sentencing proceedings. See ECF No. 469 at 3 ("Neither Rule 16 nor Federal Rules of Evidence (except those applying to privilege) apply at a non-capital sentencing."). The defense

---

[2] The court notes that the defense stated it "does not intend to hold back any reports for strategic reasons." ECF No. 469 at 6. The government's request for disclosure of all adverse expert reports, documents, and data, is therefore premature at this time. The government may re-raise this request should it become ripe.

[3] See ECF No. 470 at 1 n.1 ("[t]his motion should be considered in conjunction with the government's *Motion to Compel* and Mr. White's response thereto." (italics in original)).

8

further states that selective use of phone calls would result in a "trial within a sentencing," see ECF No. 470 at 1, citing United States v. Potapova, 800 F. App'x 14 (2d Cir. 2020), but this citation is inapposite, as is the defense's subsequent support.

Courts in the Fourth Circuit have allowed the playing of a defendant's prison phone calls at sentencing, see, e.g., United States v. Witcher, 753 F. App'x 159 (4th Cir. 2018) (noting that "[a]t sentencing, the government presented… audio recordings of several phone calls [the defendant] made while incarcerated" which ultimately supported the district court's finding that the defendant's offense involved three firearms, rather than two, and subsequent adding of levels to the defendant's guideline range), and the defense readily acknowledges that prison phone calls are admissible, see ECF No. 470 at 2 ("[t]he Fourth Circuit has previously recognized the admissibility of prison phone calls."). The court acknowledges that "[r]eview of all of the [jail phone] calls… would be needlessly burdensome." ECF No. 470 at 2. However, the government stated in its motion and again at the hearing that it has identified only approximately thirty-five jail phone calls, along with several letters, that it deems relevant to the 18 U.S.C. § 3553(a) factors. See ECF No. 472 at 1. Therefore, in order to promote the judicial interests of fairness and economy, the court finds that the disclosure of the identity of these approximately thirty-five phone calls is warranted. The government is ordered to abide by the disclosure obligations addressed in the schedule above, to which it agreed at the hearing. Accordingly, the defense's motion ECF No. 470 is **DENIED**.

Government's Motion for Issuance of Subpoena

The government requests that the court issue a subpoena to the Southwest Virginia Regional Jail Authority, requiring the production of all records in their possession relating to

9

defendant, including but not limited to all disciplinary, medical, and mental health records, from May 5, 2021, to present. ECF No. 474 at 1. The government states that defendant has requested his own copy of the incarceration records from the Southwest Virginia Regional Jail Authority and has provided them to his retained expert. ECF No. 475 at 1. The government advises that the defense does not object to the government's subpoena request to the extent it seeks defendant's disciplinary records but does object to the subpoena with regard to defendant's medical records. Id. at 1, 3. At the hearing, the defense confirmed it objected to the subpoena to the extent it sought all medical records of defendant, and not solely those related to defendant's mental health.

> Rule 17 of the Federal Rules of Criminal Procedure states in part:
>
> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Courts in the Fourth Circuit and elsewhere have authorized the issuance of subpoenas in post-trial hearings, including sentencings. See, e.g., United States v. Whisenant, No. 1:22-CR-44-MOC-WCM, 2023 WL 3046079, *1 (W.D.N.C. Apr. 21, 2023) (collecting cases and authorizing the use of Rule 17(c) subpoena in advance of sentencing in case where defendant pled guilty); but see United States v. Hills, No. 1:16-CR-329, 2019 WL 1873220, *1 (N.D. Ohio Apr. 26, 2019) ("Notwithstanding the government's concession that Rule 17(c) has been employed in certain post-trial contexts, the Court is not convinced that the rule is available to compel the production of documents for use at sentencing.").

In order for a Rule 17(c) subpoena duces tecum to issue, the applicant must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699-700 (1974). Here, the government has met that burden. The requested documents are evidentiary and relevant as they will inform the government's arguments at sentencing. The requested records are not otherwise procurable by exercise of due diligence as they are in the possession of the Southwest Virginia Regional Jail Authority. The government's request is not a fishing expedition in that it seeks production of documents that have already been provided to defense counsel, and for which the defense appears to have agreed are relevant, at least in part. See ECF No. 475 at 1 (noting the defense's lack of objection to the government's request for disciplinary records of defendant).

The defense objected to the subpoena to the extent it asks for records beyond the disciplinary records of defendant. See ECF No. 475 at 1. However, the medical and mental health status of defendant is a relevant factor to be considered at sentencing, see 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider… the nature and circumstances of the offense and the history and characteristics of the defendant"), an idea to which the defense appears to agree. See, e.g., ECF No. 433 (relying, in part, on 18 U.S.C. § 3553(a) when seeking continuance to develop mitigation arguments related to the defendant's psychosocial history, including through "request[ing] third-party records (educational, **medical**, **mental health**, **correctional**, and judicial) from over a

11

dozen…locations" (emphasis added)). Despite this, the defense's argument at the hearing that defendant's medical records could go far beyond those salient to sentencing is well taken, and the court will clarify that the subpoena's request for medical records is limited solely to those that pertain to defendant's mental health and/or mental health treatment. Therefore, the government's motion for issuance of a subpoena is **GRANTED**, and a subpoena duces tecum shall be issued to the recipient named below:

> Southwest Virginia Regional Jail Authority
> 15205 Joe Derting Drive
> Abingdon, VA 24210

The subpoena shall direct that the following information be produced to the government by January 17, 2025, or at a later date as may be agreed upon by the government and the producing party:

> All records in your possession relating to defendant Michael Donivan White, including but not limited to all disciplinary, medical, and mental health records, from May 5, 2021, to the present. "Medical" records as used in the preceding sentence include only those medical records which relate to defendant Michael Donivan White's mental health and/or mental health treatment.
>
> An accompanying order to this memorandum opinion was entered on January 3, 2025.

See ECF No. 482.

It is **SO ORDERED**.

Entered: January 13, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.13 13:21:02
-05'00'

Michael F. Urbanski
Senior United States District Judge